

33 Whitehall Street, 17th Floor
New York, NY 10004
T: 212-363-7500
F: 212-363-7171
www.zlk.com

**Mark S. Reich**
mreich@zlk.com

November 1, 2023

**MEMO ENDORSED**

<u>Via ECF</u>

Honorable Barbara Moses, Magistrate Judge
United States District Court - Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 740
New York, NY 10007-1312

      Re:    *Joiner et al. v. NHL Enterprises, Inc. et al*,
              Case No. 1:23-cv-02083-LAK-BCM

Dear Judge Moses:

      This office represents Plaintiffs Zachary Joiner, Daniel Kassl, and Hanwook Nam ("Plaintiffs") in the above-referenced matter. We write to respectfully request a stay of these proceedings, pending the expedited appeal of *Salazar v. National Basketball Association*, No. 23-1147 (2d Cir.).

### Relevant Procedural Background

      On June 20, 2023, Defendants filed a Motion to Dismiss and Memorandum in Support. Dkts. 23-25. On July 26, 2023, Plaintiffs filed a Memorandum in Opposition to Defendants' Motion to Dismiss. Dkt. 29. On August 23, 2023, Defendants filed a Reply in Support of their Motion to Dismiss. Dkt. 30. On October 3, 2023 and October 10, 2023, Defendants filed notices of supplemental authority which were focused on whether Plaintiffs are "consumers" as defined under the VPPA. *See* Dkts. 31 and 32. A decision on Defendants' Motion to Dismiss is currently pending.

### The Matter Should Be Stayed While the Second Circuit Hears an Expedited Appeal to Define "Consumer" Under the VPPA

      On September 26, 2023, in the matter of *Salazar v. National Basketball Association*, No. 23-1147 (2d Cir.), the Second Circuit issued a Notice of Expedited Appeal. Doc. 37. Plaintiff-Appellant's brief was filed on October 31, 2023, and—barring an unforeseen exceptional circumstance—briefing will be completed by December 5, 2023.

      A decision by the Second Circuit will, one way or the other, have bearing of this court's decision on the NHL's pending motion to dismiss. Under the VPPA, "the term 'consumer' means any renter, purchaser, or subscriber of goods or services from a video tape service provider." 18 U.S.C § 2710(a)(1). Congress did not limit the VPPA by defining "consumer" as "any renter, purchaser, or subscriber of *audio-visual* goods or services from a video tape service provider." Congress chose not to include this additional requirement to the VPPA's definition of "consumer" – not in its original enactment in 1988 nor its

LEVI&KORSINSKYLLP

November 1, 2023
Page 2 of 4

amendment in 2013.  Despite the clear language of the statute, including the definition of "consumer" under the VPPA, the court in *Carter v. Scripps Networks LLC*, No. 22-cv-2021, 2023 WL 3061858, at *6 (S.D.N.Y. Apr. 24, 2023) found that plaintiffs suffered concrete injury, but then modified the language of the VPPA to dismiss plaintiffs' VPPA claims. *Carter* was the first court to fashion and then require a direct tie between the subscription and audio-visual goods or service.  Despite holdings to the contrary both before[1] and after[2] *Carter*, decisions including *Salazar* have begun to follow the reconstruction of the VPPA by the *Carter* court.[3] The *Salazar and Carter* courts have effectively read the term "subscriber" out of the statute by decoupling the term from its counterpart in the VPPA's definition of "video tape service provider." The corresponding terms are charted here:

| "Consumer" pursuant to 18 U.S.C. § 2710(a)(1) | "Video Tape Service Provider" pursuant to 18 U.S.C. § 2710(a)(4) |
|---|---|
| renter | rental |
| purchaser | sale |
| subscriber | delivery |

These cases require "subscribers" to be either "renters" or "purchasers." Whether the Second Circuit adopts this view or adheres to the straight reading of the VPPA's text will be determined in *Salazar*.

Of note, on September 22, 2023, in *Leslie v. Thompson Reuters Corp.*, No. 1:22-cv-7936-JHR, Judge Rearden *sua sponte* found "it in the balance of the interests that this matter be STAYED pending resolution of the *Salazar* appeal." Dkt. 60, at 1. The court noted "[b]oth parties stand to benefit from gaining clarity on the scope of the VPPA before engaging in potentially expensive—and uncertain—litigation" (*Id*. at 3) and that "a stay would serve the interests of the courts, persons not parties to this litigation, and the public." *Id*. at 5.

---

[1] *Lebakken v. WebMD, LLC*, 640 F. Supp. 3d 1335, 1340 (N.D. Ga. 2022) (a subscriber to a newsletter is a "consumer" under the VPPA).
[2] *See, e.g.*, *Buechler v. Gannett Co., Inc.*, No. CV 22-1464, 2023 WL 6389447, at *2 (D. Del. Oct. 2, 2023) (finding a "newsletter is a good or service within the scope of the VPPA," while rejecting the argument that the newsletter subscription was outside "the VPPA's ambit" simply because it did not directly connect with "video content").
[3]   *See, e.g.*, *NFL*, 2023 WL 6294260, at *3 (noting plaintiffs "were subscribers to newsletters, not subscribers to audio visual materials").

November 1, 2023
Page 3 of 4

Plaintiffs respectfully submit that a stay of the proceedings in the instant action is equally appropriate for the same reasons.

Plaintiffs' counsel conferred with counsel for Defendants who indicated that they oppose the request for a limited stay.

### Conclusion

In light of the foregoing, Plaintiffs respectfully submit that the Court enter a stay of these proceedings pending resolution of the Second Circuit's expedited appeal in *Salazar*.

Respectfully submitted,

Mark S. Reich
Levi & Korsinsky, LLP

---

Application **DENIED**. Since the motion to dismiss is fully briefed, and the parties are not engaged in discovery, the Court is not persuaded that a formal stay is in order. Plaintiff is directed to advise the Court by letter within one week after the Court of Appeals has decided the *Salazar* case. **SO ORDERED**.

**BARBARA MOSES**
United States Magistrate Judge
November 15, 2023