UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZACHARY JOINER, et al.,

    Plaintiffs,

-against-

NHL ENTERPRISES, INC., et al.,

    Defendants.

23-CV-2083 (LAK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Plaintiffs, suing on behalf of themselves and others who signed up for newsletters through the websites of National Hockey League (NHL) teams, bring this putative class action against defendants NHL Enterprises, Inc. and the NHL, alleging that defendants failed to disclose that "subscribers' personal identifying information would be captured by the Facebook Pixel utilized by Defendants . . . and then transferred to Facebook," in violation of the Video Privacy Protection Act (VPPA), 18 U.S.C. § 2710. *See* Compl. (Dkt. 5) ¶¶ 1-12.

    Defendants' motion to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Dkt. 23) is fully briefed and is within the scope of my referral for report and recommendation. (Dkt. 9.) Defendants argue, *inter alia*, that plaintiffs have not plausibly alleged that they are "consumers," as defined in the VPPA. *See* Def. Mem. (Dkt. 25) at 12-15.

    On November 1, 2023, plaintiffs moved to stay this action pending the appeal of *Salazar v. Nat'l Basketball Ass'n*, Case No. 23-1147 (2d Cir.) (hereafter *Salazar*). *See* Pl. Mtn. (Dkt. 33) at 1. Plaintiffs argued that a stay would conserve resources because the Second Circuit's decision in *Salazar* will resolve the question of who can be considered a "subscriber" under the VPPA. *Id.* at 2. Defendants opposed the stay motion, noting that they also assert various other grounds for dismissal that are independent of the questions presented in *Salazar*. Def. Opp. Ltr. (Dkt. 34) at 2-4.

On November 15, 2023, I denied the stay motion, explaining that since no discovery or other litigation activity was underway, I was "not persuaded that a formal stay is in order." (Dkt. 35.) Since then, however, the Second Circuit has notified the parties in *Salazar* that it will calendar argument in that case for the week of April 1, 2024. *See Salazar*, Dkt. 73 (Jan. 12, 2024). In light of this development, the Court has reconsidered the stay motion and will now grant it, pending the decision in *Salazar*.

"A decision to stay proceedings is one that rests firmly within a district court's discretion." *Poppel v. Rockefeller Univ. Hosp.*, 2019 WL 3334476, at *2 (S.D.N.Y. July 25, 2019); *accord Leslie v. Thompson Reuters Corp.*, 2023 WL 6173511, at *2 (S.D.N.Y. Sept. 22, 2023). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (emphasis in original)). When deciding whether to grant a stay, courts typically consider:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).

Given that *Salazar* is likely to be argued during the week of April 1, 2024, and decided reasonably soon thereafter, the balance of interests in this case now favor a stay. "Courts regularly stay cases where an appeal in a related case will resolve (or at least greatly simplify) the issues in the stayed case." *In re Zimmer*, 2021 WL 5963392, at *4 (S.D.N.Y. Dec. 16, 2021). It is possible that the decision in *Salazar* will resolve this case entirely. Even if it does not, it will likely resolve one of the five challenges raised by defendants in their motion to dismiss, thus "allow[ing] this

litigation to proceed on a reasonable and efficient basis." *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 527 (S.D.N.Y. 2020); *see also Goldstein v. Time Warner New York City Cable Grp.*, 3 F. Supp. 2d 423, 439 (S.D.N.Y. 1998) (staying case where "resolution of [an] appeal should guide this Court in ruling on one of the key issues in this litigation"). Thus, a stay would serve the goal of judicial efficiency.

It would also conserve the parties' time and efforts, particularly given that objections will be due within 14 days to any report and recommendation I issue. *See* Fed. R. Civ. P. 72(a). Absent a stay, the party unhappy with my analysis of the "subscriber" issue will likely file such objections, potentially requiring both parties to brief the issue again while still awaiting the ruling of the Second Circuit. Plaintiff argues that its interests are best served by the Court considering its arguments "sooner [rather] than later," and that the "pendency of this putative class action litigation creates significant expense, business uncertainty and reputational risk for the NHL." Def. Opp. Ltr. at 4. However, the stay will not be lengthy, and will ultimately enhance the Court's ability to consider each of defendants' viable arguments efficiently. Moreover, defendants' vague allegations of "significant expense, business uncertainty, and reputational risk," without further detail, do not suffice to establish any prejudice "apart from [] the delay inherent in all stays." *McCracken v. Verisma Sys., Inc.*, 2018 WL 4233703, at *3 (W.D.N.Y. Sept. 6, 2018); *see also In re Zimmer*, 2021 WL 5963392, at *5 (finding no "specific prejudice" where party seeking stay did not claim, among other things, "that any party would incur additional costs while waiting for the Second Circuit to make its decision"); *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 430 (S.D.N.Y. 2005) (requiring a party seeking to proceed in litigation to "articulat[e] in concrete terms the practical, real life effects of the potential deprivation of that right under the circumstances of the particular case at bar") (citation omitted).

For these reasons, I now join my colleague Judge Rearden, who has stayed a similar case pending the outcome of *Salazar*,[1] and GRANT plaintiffs' motion. The Clerk of Court is respectfully directed to mark this case as STAYED. Within **seven days** of the Second Circuit's decision in *Salazar*, the parties shall file a joint letter as to the effect of the Second Circuit's decision, if any, on this case.

Dated: New York, New York
       February 15, 2024

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[1] *See Leslie*, 2023 WL 6173511, at *2 (Sept. 22, 2023).