**Levi sinsky**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/7/2025

33 Whitehall St., 17th Floor
New York, NY 10004
T: 212-363-7500
F: 212-363-7171
www.zlk.com

**MEMO ENDORSED** | mreich@zlk.com

April 4, 2025

> Application GRANTED to the extent that plaintiffs may serve (and, if necessary, enforce) the document subpoena described in this letter on Meta Platforms, Inc. SO ORDERED.
>
> _____
> Barbara Moses, U.SM.J.
> April 7, 2025

**BY ELECTRONIC CASE FILING**

Honorable Barbara Moses, Magistrate Judge
United States District Court - Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 740
New York, NY 10007-1312

Re: *Joiner et al. v. NHL Enterprises, Inc.* et al, Case No. 1:23-cv-02083-LAK-BCM

Dear Judge Moses:

Plaintiffs Jim Donato, Zachary Joiner, Daniel Kassl, and Hanwook Nam ("Plaintiffs"), with consent from Defendants the National Hockey League ("NHL") and NHL Enterprises, Inc. ("Defendants"), respectfully request that this Court permit Plaintiffs to initiate limited third-party discovery from Meta Platforms, Inc. ("Meta") via subpoena in advance of the Fed. R. Civ. P. 16 conference.

The parties are still awaiting adjudication on Defendants' Motion to Dismiss (ECF No. 44) Plaintiffs' First Amended Complaint (ECF No. 43). While the parties await the Court's adjudication of the Motion to Dismiss, initial communications between the parties pertaining to discovery have taken place.

Meta maintains documents relevant to this action. Specifically, Meta maintains its Meta Pixel's event and conversion data, *e.g.*, data which may support, if not determine, which individual's video-watching histories ultimately reached Meta's servers. Only Meta can produce this data. This information has been found to be crucial at the class certification stage.[1]

The urgency of Plaintiffs' request for third-party discovery is in direct response to Meta's ongoing pattern of resisting and delaying third-party discovery, as well as its failure to adequately

---

[1] In *Univision*, the court confirmed there is information in Meta's exclusive possession that must be produced to Plaintiffs. *See Martinez v. D2C, LLC*, No. 23-21394-CIV, 2024 WL 4367406, at *1 (S.D. Fla. Oct. 1, 2024). The *Univision* order shows that there are certain categories of information about the Pixel which may only be obtained from Meta because only Meta knows which individuals' video watching history made it past any filters or blockers and into Meta's possession. Defendants are not the best source of this information, to the extent it can provide this information at all. Additionally, in *Univision*, the district court criticized the plaintiffs for failing to diligently pursue discovery from Meta, and when Meta ran out the clock on the discovery period, the court refused to consider late-produced information necessary for meeting the elements of Rule 23. The *Univision* plaintiffs' failure to timely obtain and provide Meta's data to the court was the principal reason why class certification was denied. *Id.* at *1. Plaintiffs cannot risk a similar pattern unfolding here. Plaintiffs, therefore, seek the immediate collection and production of the essential discovery that is in Meta's exclusive care, custody, and control.



April 4, 2025

or timely respond to subpoenas in privacy litigation. *See Suufi v. MediaLab.Ai, Inc.*, No. 22-mc-80205, 2022 WL 21815809, at *1–2 (Sept. 20, 2022) (plaintiffs forced to file a motion to compel Meta); *Martinez et al v. Meta Platforms Inc.*, No. 3:24-mc-80059 (N.D. Cal. Mar. 12, 2024) Dkt. at 1 (plaintiffs forced to file a motion to compel Meta after it produced a single, nonresponsive document and refused to produce a witness for deposition); *Stark et al v. Meta Platforms, Inc.,* No. 3:23-mc-80326 (N.D. Cal. Dec. 12, 2023) Dkt. at 1 (plaintiff moved to compel Meta for failure to issue a responsive production in VPPA case); *Bloom et al v. Meta Platforms, Inc.,* No. 4:23-mc-80319 (N.D. Cal. Dec. 19, 2023) Dkt. at 6 (plaintiffs moved to compel Meta to obtain deposition testimony to provide foundation and context for their production after Meta refused to provide a date for a deposition more than a year after a subpoena was issued).

      Defendants have agreed to stipulate that Plaintiffs may initiate limited, early, third-party discovery in the form of a document subpoena to Meta, so long as other discovery, including other third-party discovery and party discovery, awaits adjudication of the pending Motion to Dismiss and a Rule 16 conference.  Defendants were provided and reviewed a draft of Plaintiffs' subpoena but indicated that their stipulation should not be viewed as an endorsement of the Subpoena or the Requests therein, which they view as overbroad.

      We thank the Court for its attention to this matter and respectfully request that the Plaintiffs' petition to initiate limited third-party discovery be "so ordered."

Respectfully,

*/s/ Mark S. Reich*
Mark S. Reich (MR-4166)
Courtney E. Maccarone (CM-5863)
Gary S. Ishimoto (pro hac vice to be filed)
Christopher V. DeVivo (5969787)
33 Whitehall St., 17th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Emails: mreich@zlk.com
        cmaccarone@zlk.com
        gishimoto@zlk.com
        cdevivo@zlk.com

*Counsel for Plaintiffs*