UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
ZACHARY JOINER, *et al.*,

                       Plaintiffs,

             -against-

NHL ENTERPRISES, INC., *et al.*,

                       Defendants.
------------------------------------------x

23-cv-2083 (LAK)

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        This action concerns tracking and transmission of information regarding visitors to websites belonging to defendants NHL Enterprises, Inc. and the National Hockey League to Meta Platforms, Inc. ("Meta"). This transmission is accomplished through the use of a Meta product called "Pixel," a piece of code integrated into defendants' websites. Plaintiffs allege that defendants' use of the Pixel violates the Video Privacy Protection Act ("VPPA"), the Wiretap Act, and state law. Defendants moved to dismiss those claims.

        In a thorough report and recommendation ("R&R"), Magistrate Judge Barbara Moses recommended that the Court (1) grant the motion to dismiss in full, and (2) deny leave to amend. The R&R relied in large part on the Second Circuit's recent decision in *Solomon v. Flipps Media, Inc.*,[1] which held that (1) "liability under the VPPA should be limited to the disclosure of information that would permit an ordinary person to learn a specific individual's video-watching

---

[1] 136 F.4th 41 (2d Cir. 2025).

2

history,"[2] and (2) the disclosure of the plaintiff's Facebook ID and video-streaming history, as a result of the defendant's use of the Pixel, did not meet this standard.[3]

The R&R recommended also that the Wiretap Act claim should be dismissed because (1) defendants were parties to the communications at issue, and (2) plaintiffs do not allege plausibly that the crime-tort exception applies.[4] Regarding the state law claims, the R&R recommended that (1) those claims should be evaluated under New York law, and (2) they should be dismissed because New York does not recognize the tort of intrusion upon seclusion or permit private civil suits for wiretapping.[5] Finally, the R&R recommended that leave to amend should be denied.[6]

Plaintiffs object to the R&R only insofar as it recommended dismissal of the VPPA claim and denial of leave to amend.

Plaintiffs argue that they have alleged conduct that violates the VPPA aside from use of the Pixel, including the disclosure of customer lists containing personal identifiers to Meta. But in their briefing before the Magistrate Judge, they argued only impermissible disclosure of information by the use of the Pixel.[7] They did not argue that the disclosure of customer lists or any other information to Meta gave rise to a VPPA claim. Accordingly, plaintiffs waived this argument

---

[2] *Id.* at 53.

[3] *Id.* at 54–55.

[4] Dkt 71 at 15–20.

[5] *Id.* at 20–27.

[6] *Id.* at 15, 20, 27.

[7] Dkt 47 at 7–9.

3

and the objection is overruled.

Plaintiffs argue next that they should be afforded leave to amend. The R&R recommended that leave to amend should be denied for the VPPA claim because *Solomon* effectively shut the door on Pixel-based VPPA claims and amendment therefore would be futile.[8] Plaintiff argues that amendment would not be futile because they "can further develop and strengthen their allegations concerning Defendants' use of customer lists — allegations that, at the time of filing, took a back seat to Plaintiffs' [Pixel]-based disclosure theory given the then-prevailing VPPA landscape" prior to *Solomon*.[9]

It is not clear at this point that any imaginable amendment necessarily would be futile. That is so because plaintiffs have not specified exactly what amendments they propose to make. Nor has the Court had the benefit of whether whatever amendments, if any, they might propose would or would not produce a legally sufficient complaint. Accordingly, the Court will afford plaintiffs an opportunity to move for leave to amend the complaint in a manner that would provide an appropriate basis for coming to a conclusion.

*Conclusion*

Defendants' motion to dismiss (Dkt 44) is granted. This ruling is without prejudice to a motion, filed no later than October 13, 2025, for leave to amend the complaint. Any such motion must include (1) a clean copy of the proposed amended complaint, (2) a redlined version of the proposed amended complaint showing all changes from the first amended complaint, and (3) a

---

[8] Dkt 71 at 51

[9] Dkt 72 at 9.

4

memorandum addressing why the amendments would not be futile.

        SO ORDERED.

Dated:      September 29, 2025

                                      /s/    Lewis A. Kaplan
                            _____
                                    Lewis A. Kaplan
                             United States District Judge